# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**GUVEN ERGUVEN,**

      Plaintiff,

    -vs-                                  **Case No. 15-C-504**

**HOST INTERNATIONAL, Inc.,**

      Defendant.

---

## DECISION AND ORDER

---

Guven Erguven was formerly employed by Host International, Inc. as an assistant manager at the Starbucks, Pizzeria Uno, and French Meadow units at the General Mitchel International Airport in Milwaukee. Erguven alleges that Host violated the Fair Labor Standards Act by willfully misclassifying him as an exempt employee – i.e., one that is paid on a salary basis and is not entitled to overtime. Host moves to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). This motion is denied.

To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). In ruling on a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded allegations in the complaint and draw all reasonable inferences in favor of

the non-moving party. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). A complaint survives a Rule 12(b)(6) motion if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The statute of limitations for an FLSA claim is two years after the cause of action accrues, extended to three if the violation was willful. 29 U.S.C. § 255(a). The standard for willfulness under the FLSA is that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Erguven plausibly alleges such a violation.

For example, Erguven alleges that Host, "one of the world's largest providers of travel venue merchandise and food and beverage concessions" with "20,000+ employees [who] serve over 1 billion travelers every year," "did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each store.

- 2 -

Defendant knew or recklessly disregarded the fact that their underfunding of store labor budgets resulted in Plaintiffs' working more than 40 hours in a workweek without receiving any additional overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees." Amended Complaint, ¶¶ 14, 26. Erguven also alleges that Host "failed to maintain accurate and sufficient time records." *Id.* at ¶ 23. These allegations, taken together or separately, plausibly allege a willful FLSA violation. *See Kellgren v. Petco Animal Supplies, Inc.*, No. 13cv644-L (KSC), 2014 WL 2558688, at *3 (S.D. Cal. June 6, 2014) ("Considering the size and complexity of Petco's operation, it is plausible that Petco knew the underfunded labor budgets would cause assistant store managers to perform non-exempt tasks and result in its FLSA violation") (citing *Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 85 (10th Cir. 1983)); *Elwell v. Univ. Hosp. Home Care Servs.*, 276 F.3d 832, 844 (6th Cir. 2001) ("Although the FLSA does not permit an employee to bring a private action for recordkeeping violations, an employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime").

Host characterizes Erguven's allegations about an underfunded labor budget as "manifestly conclusory, and not factual, in this

- 3 -

circumstance." The Court is baffled by this argument. As a former Host employee, Erguven has first-hand knowledge about Host's labor budget and recordkeeping practices. Moreover, it should go without saying that Erguven is not required to prove his case at the pleading stage. Yet that is exactly how Host's excessively long and ultimately unnecessary brief approaches this matter, couched in the language of *Twombly* and *Iqbal*.

Host also moves to strike paragraphs 33 through 39 of the amended complaint, which pertain to the deposition testimony of Host Vice President Coleman Lauterbach in a separate but related case. Motions to strike can be granted with respect to any matter in a pleading that is "redundant, immaterial, impertinent, or scandalous …" Fed. R. Civ. P. 12(f). Motions to strike "are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992).

Erguven alleges that Coleman was charged with the decision to continue classifying assistant managers as exempt. Coleman conducted a countrywide tour of Host's facilities which provided Coleman with the belief that the classification was correct. The complaint then cites portions of Coleman's deposition testimony which would seem to undermine his

- 4 -

classification analysis. Host objects that Erguven "cites the Lauterbach testimony for the opposite of what it says." The Court does not agree. For example, the complaint alleges that Coleman admitted that he never analyzed a single assistant manager's shift to determine the amount of exempt versus nonexempt work that assistant managers were performing. Amended Complaint, ¶ 35(a). This is a direct admission from Lauterbach's deposition. If there is other testimony that suggests the opposite or undermines Lauterbach's admission, Host can cite to it at summary judgment or present it to the trier of fact at trial. Ultimately, Host seems to be asking the Court to strike allegations simply because they are pleaded in the light most favorable to the pleading party, not because they are "redundant, immaterial, impertinent, or scandalous … ."

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Host's motion to dismiss [ECF No. 4, 9] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2015.

**BY THE COURT:**

_Rudolph T Randa_

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 5 -